IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MATTHIAS B. KLOSKA and
ECHARD U. STILLER,

      Plaintiffs,

v.                                    Civil No. 99-1274 WWD/LCS

PURE WATER, INC.,

      Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Defendant's Motion to Dismiss for Lack of Jurisdiction, filed December 15, 1999 **[docket # 10].** Limited discovery was allowed on jurisdictional issues, and the parties have filed supplemental briefs to the motion to dismiss. Having considered all the pleadings, memoranda and other materials submitted by the parties, as well as the applicable law, I find that Defendant's motion is well-taken and it will be granted.[1]

## BACKGROUND

Defendant ("Pure Water") is in the business of providing water purification equipment in both home distillers and commercial systems which set up bottled water plants. Pure Water is licensed to do business in Nebraska, with its principal place of business located in Lincoln, Nebraska. In March of 1998, recognizing a market for bottled water in Angola, Africa, Plaintiffs contacted Defendant about setting up a facility there to purify water. Plaintiffs allege that they

---

[1] Defendant removed this case to federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1441 and now moves to dismiss on the basis of personal jurisdiction. Defendant has requested oral argument, which I find would be neither necessary nor helpful in making a determination on the jurisdictional issue.

advanced $194,000.00 in earnest money for the plant project which Pure Water now refuses to return after Plaintiffs refused to execute orders based on price quotes which Plaintiffs claim were inconsistent with Defendant's initial representations. The complaint alleges misrepresentation, unjust enrichment and violation of the New Mexico Unfair Trade Practices Act.

## DISCUSSION

Plaintiff bears the burden of establishing personal jurisdiction over the defendant. *Far West Capital, Inc. v. Towne*, 46 F.3d 1071, 1075 (10th Cir.1995). A motion to dismiss on grounds of lack of jurisdiction over the person is permitted by Federal Rule of Civil Procedure 12(b)(2).[2] The "constitutional touchstone" of the determination whether an exercise of personal jurisdiction comports with due process is whether the deft purposefully established minimum contacts in the forum state, such that "maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *see Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985). The minimum contacts requirement may be met by the court exercising either "general" or "specific" jurisdiction. *See Purple Onion Foods, Inc. v. Blue Moose of Boulder*, 45 F.Supp.2d 1255 (D.N.M. 1999). Plaintiffs contend that Defendant's business activities are sufficient for this Court to extend both specific and general jurisdiction over Defendant.

A court may assert "specific jurisdiction" over a non-resident defendant "if the defendant has 'purposefully directed' his activities at residents of the forum and the cause of action 'arises

---

[2] Although the parties have submitted material outside the complaint for the Court's consideration, because the motion to dismiss is based on a lack of jurisdiction, there is no need to convert the motion to dismiss to one for summary judgment. SK Finance SA v. La Plata County, Bd. of County Commissioners, 126 F.3d 1272, 1275 (10th Cir. 1997).

out of or relates to' those activities." *OMI Holdings*, 149 F.3d at 1090-91 (quoting *Burger King*, 471 U.S. at 472). Where the cause of action does not arise out of or relate to the defendant's forum activities, a court may exercise "general personal jurisdiction" over the defendant if it has general business contacts in the forum state. *OMI Holdings,* 149 F.3d at 1091 (citing *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 415 (1984)).

**Specific Jurisdiction**[3]

In order to determine whether specific jurisdiction exists over a nonresident defendant, the Court applies a three-part test which consolidates both the statutory and constitutional requirements of New Mexico's long-arm statute: (1) defendant must do one of the acts enumerated in our long-arm statute, (2) plaintiff's cause of action must arise from that act, (§ 38-1-16(C)); and (3) defendant must have minimum contacts with New Mexico sufficient to satisfy constitutional due process. *Visarraga v. Gates Rubber Co*., 104 N.M. 143, 717 P.2d 596 (Ct.App.1986), *cited in Valley Wide Health Services*, 106 N.M. 71, 72, 738 P.2d 1316, 1318 (1987). New Mexico's long arm statute, N.M.S.A. 1978 § 38-1-16(A) states in relevant part: "Any person, whether or not a citizen or resident of this state, who in person or through an agent does any of the acts enumerated in this subsection thereby submits himself or his personal representative to the jurisdiction of the courts of this state as to any cause of action arising from: (1) the transaction of any business within this state . . . ."   *Caba Ltd. Liability Co v. Mustang Software, Inc*., 127 N.M. 556, 984 P.2d 803, 807 (Ct.App. 1999).

---

[3] Although Plaintiffs argue in the supplemental brief that both general and specific jurisdiction exists over Pure Water, they initially appeared to concede the absence of specific jurisdiction ("Aside from the advertising directed to New Mexico and relied on by Plaintiffs, there is no substantial connection between Plaintiff's claims and defendant's contacts with New Mexico"). *Resp.to Mot. to Dismiss at 1*.

I find that the facts in this case do not satisfy any part of the three-part jurisdictional test. First, Plaintiffs have not shown that Pure Water transacted business within the meaning of the long-arm statute.[4] Plaintiffs admit that they initiated contact with Pure Water through an e-mail address posted on Pure Water's internet site. First Am Comp. , ¶ 6; *see Billup's Aff, ¶¶ 4, 5*. All of Plaintiffs' inquiries were made by contacting Alan Billups, Pure Water's Commercial Sales Manager, either at the Lincoln, Nebraska office or at his residence in Lincoln. ¶ 10. It is also undisputed that in May 1998, both Mr. Kloska and Mr. Stiller, the Plaintiffs, traveled to Defendant's offices in Lincoln, Nebraska to continue negotiations regarding the bottled water plant, which was to be in Luanda, Angola, Africa. ¶ 10. No Pure Water representative ever visited Plaintiffs in New Mexico regarding the project which is the basis for this lawsuit.

Second, Plaintiffs' cause of action does not arise from any of Defendant's contacts with New Mexico. Any business contacts Pure Water may have had with New Mexico, e.g., for other commercial projects or the sale of home distillery products does not satisfy the jurisdictional prerequisite. *Caba*, 127 N.M. at 604; *State Farm Mutual Ins.Co. v. Conyers*, 109 N.M. 243, 245 (1989) (there must be a "close relationship" between the defts' act & the plaintiff's claim); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)) (the "constitutional touchstone" of the determination whether an exercise of personal jurisdiction comports with due process is whether the defendant purposefully established minimum contacts in the forum state and the litigation results from alleged injuries that

---

[4] The following questions are asked in determining whether certain conduct constitutes the "transaction of business" in New Mexico: who initiated the transaction, where the transaction was entered into, and where the performance occurred. *Caba*, 127 N.M. at 560 (citing *Pelton v. Methodist Hosp.*, 989 F.Supp. 1392 (D.N.M. 1997)).

"arise out of or relate to" those activities).  For this reason, Plaintiffs cannot rely on Pure Water's advertising business opportunities in bottled water plants on web site as a basis for establishing jurisdiction. *See Resp. to Mot. to Dism., Exx. A-C; Deft's Mem. unmarked Exs.*  These advertisements lack the required close relationship between Defendant's activity in the forum state and the pled cause of action, in this case Plaintiffs' setting up a commercial bottled water plant in Angola, Africa.  *Cmp., Caba* at 127 N.M. at 562 (noting that cause of action must be based on the "nucleus of the alleged wrongful conduct rather than just an ancillary contact with the forum");[5] *Markby v. St. Anthony Hospital Systems*, 647 P.2d 1068 (Wyo. 1982) (no personal jurisdiction where yellow page ads for air ambulance service had no nexus to wrongful death cause of action).

*Due Process*

This case's scenario also fails the last part of the three-part test for minimum contacts requirements.  To sustain personal jurisdiction over a non-resident defendant, "there must be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its law." *Valley Wide Health Services, Inc. v. Graham*, 106 N.M. at 73 (citing *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).  Whether the activity of the defendant adequately satisfies due process depends upon the facts of the case.  *Perkins v. Benguet Consol. Mining Co*, 342 U.S. 437, 445, 72 S.Ct. 413, 418, 96 L.Ed. 485, 492 (1952).  Defendant's contacts with Plaintiffs in New Mexico were limited to e-mail,

---

[5] In *Caba*, the court pointed out that a business' ancillary activities with the forum state, such as initiating demand letters or phone calls, could be the basis for establishing jurisdiction only where such communication "constituted the heart of the agency's business and was the basis for the claim [of unfair collection practices]." *Caba*, 127 N.M. at 562 (citing *Russey v. Rankin*, 837 F.Supp. 1103 (D.N.M. 1993)).

telephone and faxes, with the majority originating in or sent to Angola, Africa. *Billups Aff., ¶¶ 8,10.* Telephone calls generally do not constitute activity which is sufficient to satisfy the minimum contacts requirements of due process. *See,e.g., Customwood Mfg., Inc., v. Downey Construction Co., Inc.*, 102 N.M. 56, 57,  691 P.2d 57, 58 (1984) (even where suit arose from defendant's transaction of business in forum state, defendant did not purposely initiate its activity with the forum such that due process constraints were satisfied, where defendant's phone calls and mailing of purchase orders and payments to plaintiff were sole contact to forum state); *Rambo v. American Southern Ins. Co.*, 839 F.2d 1415, 1418 (10th Cir.1988) ("The existence of letters or telephone calls to the forum state related to the plaintiff's action will not necessarily meet due process standards").

    Plaintiffs argue that specific jurisdiction exists over Pure Water because the sum of money retained by Defendant is "substantial" and because Defendant was aware that Mr. Kloska was a New Mexico resident with a New Mexico billing address.  Neither argument has merit. The monetary amount of a business transaction does not determine whether specific jurisdiction exists over a nonresident defendant, but rather the closeness of the relationship between the claims in the lawsuit and the defendant's conduct in the forum state.  Neither does the fact that Defendant knew that Mr. Kloska had a New Mexico mailing address satisfy due process jurisdictional requirements. Merely because "a forum-state resident is a party to the contract and it may be foreseeable that his rights in the forum state will be affected is not a sufficient basis for personal jurisdiction." *Ruggieri v. General Well Service, Inc*., 535 F.Supp. 525, 532 (D.Colo.1982), (cited in *Encore Productions, Inc v. Promise Keepers*, 53 F.Supp.2d 1101 (D.Colo.)).

    Plaintiffs have failed to show that Defendant engaged in the transaction of business in the

state to satisfy New Mexico's long-arm statute's requirements and have not established the minimum contacts to satisfy due process requirements. Accordingly, this Court does not have specific jurisdiction over Defendant.

**General Jurisdiction**

Plaintiffs contend that Pure Water has maintained general business contacts in the state, not necessarily in the sale of bottled water plants, but in the sale of distilled water products for the home, sufficient for the Court to assert general jurisdiction over Defendant. Whether a state may constitutionally exercise personal jurisdiction over a nonresident defendant depends on the "quality and nature" of the defendant's forum-related activities. Int'l Shoe Co. v. Washington, 326 U.S. 310, 319 (1945). *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1090 (10th Cir. 1998) (citing *World-Wide Voldswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1979)); *Helicopteros*, 466 U.S. at 414-15. For jurisdiction over a defendant to exist without regard to the subject of the claim asserted, courts impose a higher minimum contacts standard, requiring a plaintiff to demonstrate a defendant's "continuous and systematic general business contacts." *Soma Med'l Int'l v. Std. Chartered Bank*, 196 F.3d 1292 (10th Cir. 1999) (assertion of general jurisdiction requires that defendant must be conducting substantial and continuous local activity in the forum state).

*Web Site*

In their response to Defendant's motion to dismiss, Plaintiffs stated that Defendant's main web site (www.purewaterinc.com) invited prospective customers to "click" on a map of the United States for information about "local contacts" in a particular state. They had initially argued that additional discovery on the jurisdictional issue might uncover web site pages which would

confirm that one of the purposes of Pure Water's Defendant's national advertising was to maintain continuous and systematic contacts with New Mexico.  However, Plaintiffs' supplemental pleadings offer nothing in the way of support for this position and in fact, suggest that Plaintiffs may have abandoned this theory considering that their supplemental response contains no argument or reference to Defendant's web site.  At any rate, Defendant's web site does not support a finding that jurisdiction exists.

Case law on the question of Internet use and jurisdiction is relatively new.  Courts have generally required contacts beyond maintenance of a web site to find jurisdiction.  *See, Garcia v. Fleetwood Enterprises, Inc. et al*, Civ.No. 99-0382 LH/DJS, slip op. at 14-20 (D.N.M. Aug. 19, 1999) (citing numerous court decisions). The likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of commercial activity that an entity conducts over the Internet.[6]  *Zippo Mfg. Co. v. Zippo Dot Com, Inc*., 952 F.Supp. 1119, 1124-25 (W.D.Pa.1997).  At one extreme of this "sliding scale" approach, personal jurisdiction is not appropriate when internet use is limited to passive web sites which merely make information available, where the user must initiate contact by phone, and where defendant has no other contacts with the forum state.  *See*, *e.g.*, *Cybersell, Inc. v. Cybersell, Inc*., 130 F.3d 414, 418 (9th Cir.1997) (no specific jurisdiction in trademark infringement case by Florida corporation's use of plaintiff's mark on internet site); *SF Hotel Co. v. Energy Invs*., 985 F.Supp. 1032 (D.Kan. 1997) (no jurisdiction where defendant maintained passive web site providing

---

[6] Although the "sliding scale" concept is usually applied to general jurisdiction questions, I do not address the two types of jurisdiction separately.  In this case, the lawsuit clearly does not arise from Defendant's web site advertising as compared to cases which allege trademark infringement on a web site.  *See Garcia at 15 (citing cases).*

general information about hotel, Kansas resident had stayed at hotel, and visitor's bureau guides had been sent to Kansas residents in response to their requests); *Bensusan Restaurant Corp.v. King*, 937 F.Supp. 295 (S.D.N.Y. 1996) (maintenance of web site about jazz club which listed calendar of events, ticketing information, ticket outlets, and phone numbers, was by itself insufficient to establish purposeful availment of the laws of the forum state).

At the other end of the spectrum, however, personal jurisdiction can be asserted, where a defendant clearly does business over the internet, such as entering into contracts involving transmission of computer files over the internet. *See, e.g.*, *Zippo,* 952 F.Supp. at 1124-27 (finding that repeated transmission of computer files carried out in the processing of applicants' subscriptions to Internet news services was sufficient to show that defendant had purposefully directed business activities toward forum state); *Intercon, Inc., v. Bell Atlantic Internet Solutions, Inc.*, 205 F.3d 1244 (10th Cir. 2000) (finding personal jurisdiction to exist where defendant mistakenly routed its customer's e-mail messages to the wrong domain name, using plaintiff's mail server instead of another server, where defendant was notified of the error but continued transmission of e-mail through plaintiff's server for several months); *Plus System, Inc. v. New England Network, Inc*., 804 F.Supp. 111, 118-19 (D.Colo.1992) (finding jurisdiction based in significant part on use of forum state's computers to perform ATM processing services which benefitted defendant by providing its customers with nationwide ATM service).

The issue in the present case, then, is where within this spectrum Pure Water's web site falls.  According to Defendant, customers cannot place orders or make purchases or payments from its web site, *Reed Supp. Aff., ¶ 8,* and Plaintiffs do not offer evidence which shows otherwise. Using Defendant's URL addresses on exhibits provided by Plaintiffs, *Resp. to Mot. to*

9

*Dism., Exs. A-D,* I note that the user must either "e-mail, call or write" for information on "safe drinking water" (www.PureSurvival.com) and that these web sites do not offer a way for a customer to purchase on-line. Defendant's web site therefore falls closer on the continuum to the area of passive web sites, since transactions cannot be made through the web site and the user must initiate contact in some way in order to transact business. Thus, Pure Water's maintenance of its web site by itself is not enough to constitute continuous and systematic and general business contacts and purposeful availment of the benefits and protections of New Mexico's laws.

### *Business Contacts*

Plaintiffs point to over 40 New Mexico customers, some who are not dealers, who have purchased consumer products from Defendant over a two-year period. *See Pltffs' Supp.Resp., Exs. B & C*. They note that a dealer for Pure Water's distilled drinking water business lives in Santa Fe, New Mexico. *Ex. D*. Plaintiffs also contend that because Alan Billups made several visits to other potential customers in New Mexico for the sale of its commercial bottled water plants and prepared three sales quotes for these customers, *Ex. A at 31*, Pure Water has therefore engaged in business activity substantial enough for this Court to exercise personal jurisdiction over Defendant.

There is no hard and fast rule for determining what constitutes systematic and continuous contacts, except that the threshold contacts required for general jurisdiction must be "substantial." *Perkins* 342 U.S. at 446-47 (requirement of "substantial . . . continuous and systematic" connection to forum state); *Morrison Co., Inc. v. WCCO Belting, Inc et al.*, 35 F.Supp.2d 1293, 1295 (D.Kan. 1999) ("very substantial"). Mr. Billups stated that Pure Water is not limited to strictly local business, but does business on a "national scale." *Pltffs' Supp. Resp., Ex. A at 8:16-*

*18*.  Selling products and soliciting business in a forum state is a factor that is considered when determining whether to exercise general jurisdiction over a nonresident defendant.  *Id. (*citing *Helicopteros*, 466 U.S. at 411).  However, notwithstanding evidence of some business activity conducted by Defendant in this state and advanced by Plaintiffs as evidence to support general jurisdiction, I find that the strength and duration of Pure Water's contacts with New Mexico are not of a type which can be considered "continuous and systematic."  Several dozen New Mexico customers over a period of two years do not meet the "substantial" threshold for business contacts.  According to Defendant, 1998 sales revenues from New Mexico represented .00633% of total revenues, and 1999 sales revenues from New Mexico represented .0008183% of total revenues.  Similarly, Alan Billups' few visits to New Mexico and preparing sales quotes in response to three inquiries by New Mexico residents regarding three bottled water plants that were never set up do not constitute physical presence of the sort which would allow a court to exercise jurisdiction over Defendant.

Defendant emphasizes that Pure Water's consumer products are sold in New Mexico through independent contractors who buy these products themselves and sell at their own discretion, without obligation or accountability to Defendant.  *Reed Aff., ¶ 4; Reed Supp.Aff., ¶ 2)*.  I need not inquire further into this issue, since I find that the amount of Defendant's business activity directed at New Mexico, whether through independent contractors or employees, does not reach a level of continuous and systematic sufficient to satisfy due process requirements.

I find that Defendant's conduct and connection with New Mexico does not indicate that Pure Water should reasonably have anticipated being hailed into court here.  *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 296-97, 100 S.Ct. 559, 566-67 (1980); *Burger*

11

*King*, 471 U.S. 462, 473, n.15.  Pure Water is not licensed to do business in New Mexico, it does not have registered agents in New Mexico, and it does not have employees or offices in this state.  *Cmp*. *Morrison*, 35 F.Supp. at 1295-96 (citing *Perkins*, 342 U.S. at 445) (listing contacts which, taken together, have been found to satisfy due process for general jurisdiction).

## CONCLUSION

Based on the above discussion, I find that Plaintiffs have not shown that Defendant has transacted business in New Mexico enough to satisfy New Mexico's long-arm statute's requirements.  Neither have they shown that Defendant has conducted business in New Mexico on a continuous and systematic basis, or that minimum contacts to satisfy Due Process requirements have been met in order for this Court to exercise either specific or general jurisdiction over Defendant.

**WHEREFORE,**

**IT IS ORDERED** that Defendant's Motion to Dismiss for Lack of Jurisdiction **[docket # 10]** is hereby GRANTED and that this case is dismissed in its entirety.

_____
UNITED STATES MAGISTRATE JUDGE